MEMORANDUM **
Gibson & Company Insurance Brokers, Inc. (“Gibson”) appeals the district court’s decision. The parties are familiar with the facts and arguments and they need not be described in this memorandum. “We review the denial of class certification for abuse of discretion.” Navellier v. Sletten, 262 F.3d 923, 941 (9th Cir.2001).
The district court did not abuse its discretion when it found that Gibson’s relationship with American Equity was not typical of the proposed class. It certainly is not an abuse of discretion for a court to find that a class representative with a unique defense is not typical of the proposed class. See Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir.1992). Accordingly, the district court did not meet the mandatory requirements for class certification under Federal Rule of Civil Procedure 23(a).
Lastly, it is not an abuse of discretion for the district court to admit evidence that was not initially disclosed pursuant to Federal Rule of Civil Procedure 26(a). See Fed.R.Civ.P. 26(a)(1)(A). It is also not an abuse of discretion for the district court to admit evidence that was not properly supplemented pursuant to Federal Rule of Civil Procedure 26(e). See Fed.R.Civ.P. 26(e)(1)(B).
Therefore, we Affirm the district court’s decision.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.